# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JIMMY THOMAS BATTS, JR.**

    **Plaintiff,**

**vs.**                            **4:08cv244-MP/WCS**

**PRISON HEALTH SERVICES, INC.,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk.

In an order filed July 17, 2008, Plaintiff was directed to file a second amended complaint by August 20, 2008, and was warned him of dismissal if he failed to respond. Doc. 9. On July 21, 2008, Plaintiff's copy of that order was returned to the clerk undelivered. A call to Leon County Jail by Chambers on July 23, 2008, revealed that Plaintiff was released on pre-trial release on June 23, 2008, and left no forwarding address.

Plaintiff's last submission to the court was a notice of inquiry dated May 30, 2008. Doc. 8. It is Plaintiff's responsibility to prosecute his own lawsuit and to keep this court

apprised of his current address.  Since Plaintiff has not furnished the court with a new address, it is doubtful that he will even receive a copy of this report and recommendation.  In the event the Plaintiff does receive a copy of this report and recommendation, the court will allow him an opportunity to show cause why this report and recommendation should be vacated, failing which, the Clerk shall be directed to forward the report and recommendation to the assigned district judge.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Since Plaintiff has failed to comply with an order or to prosecute this case, his complaint should now be dismissed without prejudice.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2008.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:08cv244-MP